# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**CHERIE ANDERSON**                                        **PLAINTIFF**

v.                              **No. 3:19-cv-310-DPM**

**PRINCIPAL LIFE INSURANCE COMPANY,**
**d/b/a FMLASource, d/b/a Principal Absence**
**Management Center;  BAPTIST MEDCARE,**
**INC., d/b/a Practice Plus;  BAPTIST HEALTH,**
**f/k/a Baptist Health Medical Center-Little Rock,**
**d/b/a Interventional Pain Management Center;**
**BAPTIST HEALTH/PRACTICE PLUS;  and**
**PAIN & INTERVENTIONAL RADIOLOGY**
**SPECIALISTS, P.A., f/k/a Interventional**
**Pain Management Center**                          **DEFENDANTS**

## ORDER

**1.** This Court dismissed Anderson's claims against Principal Life in March 2020.   With the Court's permission, Anderson recently amended her complaint, adding a breach of contract claim, and reintroducing Principal Life as a defendant.  Principal Life again seeks dismissal on several grounds.  The Court takes all the facts alleged by Anderson as true. *Jones v. Douglas County Sheriff's Department*, 915 F.3d 498, 499 (8th Cir. 2019).

**2.** First, Principal Life argues that Anderson failed to properly serve the company.  That defense is prematurely asserted.  Anderson

still has time to serve her second amended complaint on Principal Life, FED. R. CIV. P. 4(m), and expects to complete service shortly, *Doc. 33 at 2.*

Next, Principal Life seeks dismissal of Anderson's discrimination and retaliation claims—the same ones this Court dismissed in its previous Order. But Anderson clarifies that she isn't reviving those dismissed claims against Principal Life. *Doc. 33 at 4.* Accordingly, the Court reads her amended pleading as pressing discrimination and retaliation claims against the Baptist entities only.

Principal Life also argues that Anderson's breach of contract claim should be dismissed. Here, Principal Life is correct. Anderson's breach claim against it is preempted by ERISA because it relates to a plan. *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 62, 65–67 (1987); 29 U.S.C. § 1144(a). Even if the Court construes Anderson's claim as being pleaded under ERISA, it would fail: she hasn't exhausted her administrative remedies. *Chorosevic v. MetLife Choices,* 600 F.3d 934, 942 (8th Cir. 2010).

Finally, to the extent Anderson pleads negligence, libel, slander, or intentional tort claims against Principal Life, *Doc. 25 at 2 & Doc. 33 at 4,* those claims fall short, too. Anderson hasn't alleged any specific facts to support them.

\* \* \*

Principal Life's motion, *Doc. 28,* is granted. Anderson's breach of contract claims against Principal Life are dismissed with prejudice; her

–2–

remaining claims against Principal Life are dismissed without prejudice.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

_5 January 2021_