IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHERIE ANDERSON                                                                PLAINTIFF

v.                              No. 3:19-cv-310-DPM

BAPTIST MEDCARE, INC., d/b/a Practice Plus,
and PAIN & INTERVENTIONAL
RADIOLOGY SPECIALISTS, P.A., d/b/a
Interventional Pain Management Center                          DEFENDANTS

ORDER

1. Anderson began working for Practice Plus and Interventional Pain Management Center as a receptionist and secretary in October 2016. She alleges that she endured much workplace mistreatment during her time with the companies, which culminated in her losing her job in May 2019. Practice Plus and Interventional Pain Management Center respond that Anderson's employment law claims are misguided. They insist that her employment ended because she didn't provide appropriate paperwork documenting her medical leave and failed to return to work after that leave expired. The companies seek summary judgment. The Court takes the material facts, where genuinely disputed, in Anderson's favor. *McElree v. City of Cedar Rapids*, 983 F.3d 1009, 1014–15 (8th Cir. 2020).

2. Anderson's claims arise from a purportedly antagonistic relationship between herself and her supervisor, Melissa Hill. The

relationship between the two was rocky. The question is whether any of that rockiness presents issues that a jury needs to resolve.

*First*, Anderson presses a hostile work environment claim based on sex discrimination. There are three things of record that could plausibly be tied to Anderson's gender:

- Hill's comment that Anderson had "a bitch face";
- Hill's comment that Anderson attracted men "because of the pictures I put on Facebook and showing my boobs"; and
- Anderson's allegation that Hill "got a sick enjoyment/pleasure out of bullying other females, including, but not limited to, Plaintiff Anderson."

The two comments, plus the complaint's unsubstantiated assertion that Hill harassed other female employees, don't establish a *prima facie* claim of a sex-based hostile work environment. A couple of stray remarks over a two and a half year stretch of employment do not suffice. Instead, the hostility must be severe and pervasive. *Duncan v. General Motors Corp.*, 300 F.3d 928, 934 (8th Cir. 2002). Discovery did not reveal evidence supporting Anderson's pleading about alleged bullying. No reasonable juror could conclude that Hill had a pattern of bullying women—including Anderson—based on this record. *Singletary v. Missouri Department of Corrections*, 423 F.3d 886, 892-93 (8th Cir. 2005).

*Second*, Anderson claims disability discrimination. While her complaint is a bit unclear, she alleges that she suffered a hostile work environment because of her disabilities or perceived disabilities of

depression and anxiety. The Court assumes that Anderson is disabled within the meaning of the ADA on account of her depression and anxiety. 42 U.S.C. § 12102(2)(A). But, no reasonable juror could look at the evidence presented and conclude that she was mistreated because of her disability. *Shaver v. Independent Stave Co.*, 350 F.3d 716, 720 (8th Cir. 2003). Anderson points to a remark by Hill: "don't go home and kill yourself over today." Anderson argues hard that, in light of her depression, this statement creates a jury issue about a hostile environment. The Court disagrees based on the record as a whole. The words were said at the end of a long workday. Hill's complete statement was "don't go kill yourself over these new patient packets, we can get them finished tomorrow." That's a common phrase indicating that the hearer shouldn't press too hard or stress too much about what work they have to do. With no additional evidence on point, a reasonable juror couldn't conclude that Anderson had to endure a severe or pervasive disability-based hostile work environment. *Shaver*, 350 F.3d at 720.

*Third*, Anderson says the companies improperly denied her FMLA leave and retaliated against her for taking it. But, she isn't an "eligible employee" under FMLA because the companies don't meet the number-of-employees threshold. 29 U.S.C. § 2611(2)(B). Anderson contends that Practice Plus is a subsidiary of Baptist Medcare and clears the threshold if you include the parent's employees. Nothing in the

record suggests that Practice Plus and Baptist Medcare operate as joint employers, 29 C.F.R. § 825.106(a), or integrated employers, 29 C.F.R. § 825.104(c)(2). *Henson v. Hawker Beechcraft Corp.*, Doc. 39 in E.D. Ark. Case No. 4:09-cv-440-JLH. Baptist Medcare's employees are therefore irrelevant. And equitable estoppel doesn't apply, either. *Reed v. Lear Corp.*, 556 F.3d 674, 678 (8th Cir. 2009). Anderson didn't detrimentally rely on the companies' statements about her FMLA eligibility. Instead, she admits that she was ultimately offered the leave she requested. Doc. 52 at ¶¶ 25, 28–29, 32, & 34.

*Last*, Anderson asserts that she was terminated in retaliation for requesting medical treatment, taking medical leave, requesting FMLA, and filing a charge of ADA discrimination with the Equal Employment Opportunity Commission. She was constructively discharged on 14 May 2019 and filed her EEOC charge eight days later, so her charge didn't cause the discharge. As for the rest, it's true that Anderson engaged in statutorily protected activity. But there's no evidence of a causal connection between her discharge and the protected activity. *Oehmke v. Medtronic, Inc.*, 844 F.3d 748, 758 (8th Cir. 2016). Anderson's actions and her discharge were close in time, but that isn't enough to establish a genuine dispute on this record. *Lors v. Dean*, 746 F.3d 857, 865–66 (8th Cir. 2014). Anderson lost her job because she refused to return to work after Principal denied her FMLA claim. She then had her leave request retroactively approved, and was later offered her job

back. No reasonable juror could look at these facts and find retaliatory motives.

\* \* \*

Practice Plus and Interventional Pain Management Center's motion, *Doc. 36*, is granted. Anderson's federal claims are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over her state law claims. 28 U.S.C. § 1367(c)(3); *Nagel v. City of Jamestown, North Dakota*, 952 F.3d 923, 935 (8th Cir. 2020).

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

21 July 2021